UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV13-3763-CAS (MRWx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | CLAUDIA ORELLANA V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) DEFENDANT'S MOTION TO DISMISS (filed June 4, 2013) [4]

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 8, 2013, is vacated, and the matter is hereby taken under submission.

On June 12, 2012, plaintiff Claudia Orellana filed a complaint for medical malpractice in the Los Angeles County Superior Court against defendants Dr. Kevin Galstyan, Comprehensive Community Health Centers ("CCHC"), Glendale Memorial Hospital and Health Center, and Does 1 through 30. Dkt. No. 1, Ex. A. On May 28, 2013, the United States, as the real party in interest, removed the action to this Court pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c). Under these code sections, defendants Galstyan and CCHC are deemed to be federal employees acting within the course and scope of their employment for the Public Health Service of the United States, upon certification by the U.S. Attorney for this judicial district. See Dkt. No. 2, Ex. B. On that same date, the United States filed a notice of substitution, substituting the United States in place of defendants Galstyan and CCHC and certifying that defendants were acting within the course and scope of their employment. See Dkt. No. 2 (citing 42 U.S.C. § 233(g)).

On June 4, 2013, the United States filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 4. Plaintiff has yet to oppose the motion. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-3763-CAS (MRWx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | CLAUDIA ORELLANA V. UNITED STATES OF AMERICA, ET AL. | | |

may be deemed consent to the granting or denial of the motion."). After reviewing defendant's motion, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

The United States moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

## III.   ANALYSIS

Under 42 U.S.C. § 233(a), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672 et seq., is the exclusive remedy for personal injury arising from alleged actions by an employee of the public health service acting within the scope of his employment. This section also applies to actions against an individual who is employed by a designated federally supported medical clinic, such as defendant here. Id. 42 U.S.C. § 233(g). Therefore, plaintiff must comply with the terms of the FTCA to assert any claims against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-3763-CAS (MRWx) | Date | July 2, 2013 |
|---|---|---|---|
| Title | CLAUDIA ORELLANA V. UNITED STATES OF AMERICA, ET AL. | | |

Galystan and CCHC, for whom the United States has substituted in as the proper defendant.

Under the FTCA, no action for money damages may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The requirement of exhaustion is jurisdictional prerequisite to bringing suit against the United States. See, e.g., Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) ("We have repeatedly held that this claim requirement of section 2675 is jurisdictional in nature and may not be waived.") (quotation omitted).

Here, plaintiff filed an administrative tort claim with the United States Department of Health and Human Services ("HHS") on February 14, 2013, long after initiating this suit in state court. Decl. of Meredith Torres ¶ 4. As of the date of filing suit, therefore, plaintiff had neither presented her claim to HHS, nor had her claim been "finally denied" by that agency. To comply with the FTCA, however, a claimant must (1) file a claim and (2) exhaust her administrative remedies before initiating suit. See McNeil v. United States, 508 U.S. 106, 111 (1993). A failure to do so cannot be cured by the filing of an administrative tort claim during the pendency of the original, pre-claim lawsuit. Id.; see also Jerves, 966 F.2d at 519 (claimant failed to comply with the FTCA by instituting suit before receiving the final denial of her claim, even where agency rendered a decision during the pendency of her lawsuit).

Accordingly, the Court DISMISSES the claims against the United States without prejudice. Because there is no independent basis for exercising subject matter jurisdiction over the remaining defendant, Glendale Memorial Hospital and Health Center, the Court REMANDS this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |